UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE BARNES,

    Plaintiff,

                                            Case No. 12-cv-13770
                                            Honorable Gershwin A. Drain

v.

CONVENTION & SHOW
SERVICES, INC., *et al.*

    Defendants.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE[#35], ORDER REQUIRING DEFENDANT'S RESPONSE TO MOTION FOR RECONSIDERATION [#34]**

I. INTRODUCTION

Presently before the Court is Defendant's Motion to Strike Motion for Reconsideration. The Court has ordered resolution of this matter pursuant to E.D. Mich L.R. 7.1 (f)(2). For the reasons that follow, Defendant's Motion to Strike Motion for Reconsideration is DENIED.

II. PROCEDURAL AND FACTUAL HISTORY

Plaintiff filed this action on August 27, 2012. Plaintiff's claims stem from alleged violations of 42 U.S.C. 1981 and Michigan's Elliot-Larsen Civil Rights Act. In 2003, Plaintiff resolved a prior lawsuit against Defendant for alleged race discrimination. As a result of the lawsuit resolution, Defendant was to re-classify Plaintiff from a "casual" employee to a

"regular" employee. Defendant was required to first offer work to regular employees and then to casual employees. Plaintiff alleges that despite having qualifications that were equal or greater than his coworkers, he was consistently refused work hours at the same rate and volume as his colleagues due to retaliation by the Defendant because he was asserting his civil rights.

### Motion to Strike

On April 9, 2013, Plaintiff filed a Motion for Reconsideration regarding the Court's denial of his prior Motion to Compel Discovery. Plaintiff alleges that the Court's denial to his discovery request for the hours of casual employees is critical to his case. Plaintiff states that he requested the hours of casual employees to show that casual employees were called in on days that Plaintiff was available for work, but never called.

On April 12, 2013, Defendant filed a Motion to Strike Motion for Reconsideration. In its Motion, Defendant claims that Plaintiff filed the Motion in bad faith and that it contains "immaterial, impertinent, or scandalous matter." *See* Mot., Dkt. No. 35, pg. 8. As a result, Defendant requests the Court impose sanctions on Plaintiff.

### III. LAW AND ANALYSIS

Fed. R. Civ. P. 12(f) provides, in relevant part, that "upon motion made by a party within 20 days of service of the pleading upon the party . . . , the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The resolutions of motions to strike lies firmly within the discretion of the Court, *Cobell v. Norton*, 224 F.R.D. 1, 2004 WL 2008937 at *1 (D.D.C. Sep. 9, 2004); and such motions are generally disfavored, being regarded as "time wasters." *See* 2A

*MOORE'S FEDERAL PRACTICE* § 12.21, at 2419.

Defendant's Motion to Strike requests Rule 12(f) relief on the basis that the content of Plaintiff's Motion for Reconsideration was filed in bad faith and contained immaterial, impertinent, or scandalous matter. *See* Mot., Dkt. No. 35, pg. 8. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 711. "'Scandalous' matter consists of statements that "unnecessarily reflect[] on the moral character of an individual or state[] anything in repulsive language that detracts from the dignity of the Court." 2A *MOORE'S FEDERAL PRACTICE* § 12.37, at 12-97.

Applying these standards to the content in Plaintiff's Motion for Reconsideration that is subject to Defendant's Motion to Strike, the Court does not find that Plaintiff's Motion rises to the level of immaterial, impertinent, or scandalous required to support striking Plaintiff's Motion. Thus, Defendant's request for sanctions is **DENIED** along with Defendant's Motion to Strike.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

Defendant's Motion to Strike Plaintiff's Motion for Reconsideration [#35] is **DENIED**.

IT IS FURTHER ORDERED that Defendant will respond to Plaintiff's Motion for Reconsideration <u>within 7 days of this order</u>.

SO ORDERED.

Dated: June 7, 2013 /s/Gershwin A Drain
GERSHWIN A. DRAIN
United States District Judge